**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Alexa Hernandez,

Plaintiff,

v.

Bisbee Unified School District #2, et al.,

Defendants.

No. CV-25-00475-TUC-RM (LLP)

**ORDER**

Plaintiff Alexa Hernandez asserts claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") against Defendant Bisbee Unified School District #2 ("the District"). (Doc. 12 at 9-12.) She further asserts claims under 42 U.S.C. § 1981 and § 1983 against the District and Defendants Bullington, Giacamino, McBeth, Watts, and Woody. (*Id.* at 13-15.) Defendants filed a Motion to Dismiss. (Doc. 17.) Magistrate Judge Bruce G. Macdonald[1] issued a Report and Recommendation ("R&R"), recommending that the Motion to Dismiss be granted in part and denied in part. (Doc. 24). Plaintiff and Defendants each filed an Objection to the R&R (Docs. 25, 26), and responded to the Objections (Docs. 27, 28).

## I. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b)

[1] Due to the retirement of Magistrate Judge Macdonald, this case is now referred to Magistrate Judge Lori L. Price. (Doc. 30.)

of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint, or any claim within it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## II. Background

Plaintiff's claims arise from alleged disparate treatment she suffered as an employee of the District. (*See* Doc. 12.) Plaintiff is a Hispanic woman over the age of forty. (*Id.* at 1.) Defendant Bullington was Superintendent of the District at the time relevant to the events set forth in Plaintiff's Complaint. (*Id.* at 2.) Defendant Giacamino was Dean of Students during the relevant time. (*Id.*) Defendant Woody is the former Superintendent of the District. (*Id.*) Finally, Defendant McBeth was the assistant Superintendent during certain times relevant to Plaintiff's Complaint, became the acting Superintendent, and is now the permanent Superintendent. (*Id.*)

Plaintiff was hired by the District as a teacher in 2017. (*Id.* at 3.) Between 2021 and 2024, she applied to various other positions within the District but was denied all of them. (*See id.*) Plaintiff alleges that the reason for denial was her race, national origin, and/or age. (*Id.*) In March 2024, Plaintiff reported her concerns of discrimination relating to the selection process for one of the positions that she was denied to the principal of the school at which Plaintiff worked, Defendant Watts. (*Id.* at 7.) As a result of a separate incident in March 2024 in which Plaintiff was involved in an altercation with a fellow staff member, Plaintiff was placed on administrative leave. (*Id.* at 6.) However, she remains employed at the District. (Doc. 17 at 2.) At some point—the Amended Complaint is unclear—Plaintiff posted on what the Court presumes is a website entitled DonorsChoose, seeking funding for a student project. (Doc. 12 at 8.) She was told that posts of that type were against District policy unless done with prior approval, and she was asked to take the post down. (*Id.*) Plaintiff alleges that other teachers posted on DonorsChoose without being told that the posts were a violation of District policy. (*Id.*) Plaintiff also alleges that in August 2024 she was reminded of school policies on the need to monitor students, and apparently around the same time, was reminded of the school's policies regarding the presence of food in classrooms. (*Id.* at 7.)

The R&R finds that Defendants Bullington and Woody must be dismissed for failure to serve. (Doc. 24 at 5.) It further finds that Plaintiff has stated a cognizable national

origin discrimination claim under Title VII of the Civil Rights Act of 1964. (*Id.* at 7.) The R&R concludes, however, that Plaintiffs' claim of retaliation under Title VII must be dismissed because Plaintiff fails to allege a sufficient causal link between the alleged retaliation and protected activity. (*Id.* at 13-15.) The R&R also concludes that Plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("ADEA") must be dismissed because Plaintiff fails to allege that an individual who received a position Plaintiff sought was substantially younger than her. (*Id.* at 16.) The R&R finds that Plaintiff states a cognizable claim for race discrimination under 42 U.S.C. § 1981. (*Id.* at 18.) Finally, the R&R concludes that Plaintiff states a cognizable claim under 42 U.S.C. § 1983 because she alleges facts plausibly showing that she was discriminated against, and because she alleges sufficient facts to show that the individual Defendants were involved in the violation of her rights such that they are not entitled to qualified immunity. (*Id.* at 20-21.)

## III. Discussion

### a. Unobjected-to Portions of the R&R

The Court has reviewed the unobjected-to portions of the R&R, and identifies one conclusion constituting clear error. The R&R finds that Plaintiff states a cognizable claim for race discrimination under 42 U.S.C. § 1981. (Doc. 24 at 18.) However, "Section 1981 establishes substantive rights that a state actor may violate. It does not itself contain a remedy against a state actor for such violations. A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023). Since § 1981 provides no cause of action against state actors, Plaintiff's § 1981 claim against the District and its employees must be dismissed. The Court will overrule the R&R insofar as it concludes that Plaintiff states a cognizable claim under § 1981, but will otherwise adopt the unobjected-to portions.

. . . .

. . . .

**b. Defendants' Objection**

Defendants contend in their Objection that the R&R errs in finding that Plaintiff states a cognizable claim for race discrimination under 42 U.S.C. § 1981 because Plaintiffs' Amended Complaint makes no mention of race. (Doc. 25 at 4.) In light of the Court's conclusion that Plaintiff's § 1981 claim must be dismissed because the statute provides no cause of action, the portion of Defendants' Objection challenging Plaintiff's § 1981 claim will be denied as moot.

Defendants further contend that the R&R errs in finding that Plaintiff adequately alleged facts showing each individual Defendant's personal involvement in the challenged actions and in therefore rejecting the individual Defendants' qualified immunity argument. (Doc. 25 at 5.) In determining whether a defendant is entitled to qualified immunity, the Court must "consider two different questions: (1) whether, '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right'; and (2) if so, 'whether the right was clearly established.'" *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). To satisfy the first requirement, a plaintiff pursuing a claim under § 1983 must plead facts plausibly showing personal participation by each individual defendant in the alleged deprivation of the plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Defendants challenge only the first element of the two-pronged qualified immunity test; they do not argue that the constitutional right Plaintiff contends was violated was not clearly established at the time of the alleged violation. (*See* Doc. 17.) Therefore, the Court evaluates only whether Plaintiff sets forth sufficient facts regarding the individual Defendants' personal participation in allegedly wrongful conduct. While the allegations of Plaintiff's Amended Complaint are weak, the facts alleged render it at least plausible that each individual Defendant personally participated in the conduct Plaintiff contends constituted a violation of her rights. In their Objection, Defendants take issue with Plaintiff's allegation that multiple individually identified Defendants were the "decisionmaker" when Plaintiff did not receive one of the positions she applied for at the

District, but it is possible that more than one individual had a hand in the hiring process, and sole responsibility for a challenged action is not necessary for liability to arise. Therefore, Defendants' Objection will be denied insofar as it challenges the R&R's findings on qualified immunity.

### c. Plaintiffs' Objection

#### i. Retaliation Claim

In Plaintiff's Objection, she first challenges the R&R's finding that her retaliation claim under Title VII must be dismissed. (Doc. 26 at 2.) The R&R concludes that a causal link between the alleged protected activity—reporting concerns about discrimination in March 2024—and the alleged retaliation—not being considered for job opportunities between 2021 and 2024—does not exist because Plaintiff cannot have been retaliated against for protected activity occurring after the alleged retaliation. (Doc. 24 at 15.) Apparently changing her theory of retaliation in response to this conclusion, Plaintiff's Objection contends that the retaliation was not the denial of job opportunities, but instead being told to take down her DonorsChoose post and being reminded of school policies on the need to monitor students and the presence of food in classrooms. (Doc. 26 at 3.)

As a preliminary matter, neither Plaintiff's Amended Complaint, Response to Defendants' Motion to Dismiss, nor Objection to the R&R sets forth when the DonorsChoose controversy took place. (*See* Docs. 12, 22, 26.) Accordingly, Plaintiff's new theory of retaliation runs into the same problem as the original; an act taking place before Plaintiff engaged in protected activity cannot have been done in retaliation for the protected conduct. However, even if the DonorsChoose matter occurred after Plaintiff reported her concerns about discrimination, Plaintiff does not plead facts showing that it rises to the level of an adverse employment action.

"To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

Although "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), to survive a motion to dismiss, a complaint must nevertheless "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Failure to plausibly allege an adverse employment action for the purposes of a claim for retaliation under Title VII renders the claim subject to dismissal. *McGinn v. Hawaii Symphony Orchestra*, 727 F. Supp. 3d 915, 935-36 (D. Haw. 2024).

An adverse employment action is one that a "reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations and quotation marks omitted). The Court in *Burlington* emphasized that it spoke of "material" adversity "because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth 'a general civility code for the American workplace.'" *Id.* (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Accordingly, the statute does not prohibit "petty slights, minor annoyances, and simple lack of good manners[.]" *Id.*

Here, it is entirely unclear that the supposed adverse employment actions Plaintiff complains of—being told to remove the DonorsChoose post, and being reminded of school policies on the need to monitor students and the presence of food in classrooms—were anything more than trivial harms or minor annoyances. (*See* Doc. 12.) It is not plausible, based upon the allegations of the Amended Complaint, that these events constituted materially adverse employment actions. Plaintiff's challenge to the R&R's findings regarding her retaliation claim under Title VII will be denied.

**ii. ADEA Claim**

Plaintiff further contends in her Objection that the R&R incorrectly recommended that her claim under the ADEA be dismissed. (Doc. 26 at 4.) To state a claim of age

discrimination based upon a failure to promote or hire, Plaintiff must allege facts sufficient to show: (1) she was at least forty years old at the time of the alleged discrimination; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) after she was rejected, a substantially younger applicant was selected. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (setting forth elements of prima facie case of age discrimination); *Sheets v. City of Winslow*, No. CV-19-08187-PCT-JJT, 2020 WL 4514947 at *5 (D. Ariz. Mar. 6, 2020) (using elements for prima facie case of age discrimination to guide inquiry into whether plaintiff stated a claim).

Here, Plaintiff alleges that she was at least forty during the time period described in her Amended Complaint. (Doc. 12 at 13.) However, Plaintiff alleges that she applied to six different positions in the District, and while she asserts that each individual who ultimately received those positions were non-Hispanic—giving rise to a plausible inference of national origin discrimination—Plaintiff alleges nothing about those individuals' ages. (Doc. 12 at 4-6.) Plaintiff states that "she applied for positions that she was qualified to do, and a younger person with similar or lesser qualifications received the position(s)," but it is unclear whether Plaintiff alleges that every person who received a position she applied for was younger than her, whether only some job recipients were younger than her, and if so, which jobs it was that a younger person received.[2] Plaintiffs' vague statement that "a younger person with similar or lesser qualifications received the position(s)," where Plaintiff alleges she was denied six different positions she applied for, is not specific enough to support Plaintiff's claim under the ADEA.

In her Objection, Plaintiff proffers her statement in the Amended Complaint that the "ongoing discriminatory denials of job opportunities have the same theme—older Hispanic

[2] The Court notes that Plaintiff need only allege that a younger person received one of the positions she applied for in order to state a claim for age discrimination; she need not allege a pattern of age discrimination. *See Cotton*, 812 F.2d at 1248. However, to state a claim it must be clear which position it was that Plaintiff applied for and a younger person received. *See Sheets*, 2020 WL 4514947 at *5. This is particularly important here, where the R&R determined—and Plaintiff does not challenge—that under Title VII and the ADEA only hiring practices taking place after June 5, 2023, are actionable due to the application of the relevant statute of limitations. (*See* Doc. 24 at 10-11.)

women who go against stereotypes despite their qualifications[.]" (Doc. 26 at 5.) However, this statement is general, entirely conclusory, and provides no factual details remedying the deficiencies identified above. Plaintiff also proffers in her Objection her statement in the Amended Complaint that "[h]er actions would never be criticized if they came from a male or a younger female person[,]" but this statement suffers from the same problems; it remains unclear which jobs Plaintiff applied for that a younger person received. Plaintiff's challenge to the R&R's finding regarding her ADEA claim will therefore be denied.

Accordingly,

**IT IS ORDERED** that Defendants' Objection (Doc. 25) is **partially denied as moot** and otherwise **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (Doc. 26) is **denied**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 24) is **modified as set forth above** and otherwise **adopted**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **partially granted** and **partially denied** as set forth above. Counts Two, Three, and Four of Plaintiff's Amended Complaint are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that this action remains referred to Magistrate Judge Lori L. Price for pretrial proceedings and report and recommendation.

Dated this 28th day of September, 2026.

Honorable Rosemary Márquez
United States District Judge